Middleton's Exrs. v. Middleton.

---

MARY S. MIDDLETON's EXRS., appellants,

v.

WALTER B. MIDDLETON, respondent.

1. Where an executor allowed a claim for farm produce furnished the testatrix, and the claimant swears positively that he furnished the produce, and that no part of the price has ever been paid, his oath is not overcome by that of one of the next of kin, the exceptant, who swears that the claimant lived with the testatrix, and had no place whereon he could raise the produce.

2. Where two of the next of kin are requested by one of the executors to remain in one of testatrix's houses to take care of it, and they, without agreeing to pay rent therefor, continue in possession until notified to quit, they are not liable for rent of the premises.

---

On appeal from decree of Union orphans court.

Mr. J. H. Stone, for the appellants.

Mr. F. McGee, for the respondent.

THE ORDINARY.

To the final account of the executors of Mary S. Middleton, deceased, exceptions were filed, and from the decree allowing them an appeal was taken by the executors. The only errors discussed or insisted upon on the hearing, were those alleged to have been committed in the rejection, by the court below, of an item of discharge, $88.09, being so much money stated in the account to have been paid to L. Murray Perkins, for farm produce, and the rejection of a claim of $600, for rent of the testatrix's dwelling-house, in Rahway, claimed to be due from the respondent and his brother, Peter B. Middleton, for their occupation of that house for the two years immediately succeeding her death. This item appears on both sides of the account; on the debit side as so much of the assets, and on the credit side as so much paid on account of the distributive shares of the respondent and his brother Peter. The testatrix was their mother.

As to the Perkins claim, there was no evidence before the orphans court to warrant its rejection. On the one hand, indeed, the respondent testified that Perkins (who is his half-brother) could not have furnished the goods, giving as a reason that the latter had no place on which to raise them, and adding that he lived with his mother at the time when it is alleged the goods were furnished, and that he knows Perkins did not furnish them. But, on the other hand, Perkins swears that his bill for them is correct in every particular, and that no part of it has ever been paid. He testifies substantially that he furnished the goods at the price charged. While the respondent swears, as before stated, that he knows Perkins did not furnish them, he does not state the source of his knowledge, except that he says he lived with the testatrix and she told him the goods were not furnished. His testimony is not of a kind to overthrow the positive testimony of Perkins. It is urged, on the part of the respondent, that the fact that Perkins, according to his own admission, owed the testatrix (his mother) over $3,000 upon his notes held by her at her death, which debt, he says, was by an

agreement between him and the rest of her children, canceled, should, of itself, be sufficient ground to induce the court to reject the claim in question. But the terms of the alleged agreement are not before me, and the exception is not for not having collected the notes from Perkins, but for having allowed his debt.

As to the charge of rent: the evidence is, that after the death of the testatrix, one of the executors said to the respondent and his brother Peter, that they had better stay in the house to take care of it. They remained there until they received notice to quit, when they left it. It appears quite clear that they occupied it as care-takers merely. They never agreed to pay any rent, nor did they expect to pay any, and none was ever demanded of them. They quit possession on demand, and were at all times ready to give up possession. From their occupation of the premises, under the circumstances, no agreement to pay rent, or to pay for use and occupation, is to be implied. The charge for rent is therefore erroneous. The court below erred in disallowing the amount of the Perkins claim, but did not err in disallowing the claim for rent. No costs of this appeal will be allowed to either side.